UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Genmar Holdings, Inc.,    Bky. No. 09-43537

Debtor.    Chapter 7 Case

### SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (this "**Settlement and Release**") is entered into by Charles W. Ries, in his capacity as the duly appointed trustee (the "**Trustee**") for the bankruptcy estate (the "**Estate**") of the Debtor Genmar Holdings, Inc. (the "**Debtor**"), in the Debtor's chapter 7 case (the "**Case**"), and Alexandra Jacobs (the "**Defendant**"). The Trustee and the Defendant collectively are referred to as the "**Parties**" and each individually may be referred to as a "**Party**."

### RECITALS

A.  The Trustee is the plaintiff, and the Defendant is the defendant, in that certain adversary proceeding captioned *Ries v. Alexandra Jacobs,* Adv. Pro. No. 11-04670 (the "**Adversary Proceeding**"), that was filed in the United States Bankruptcy Court for the District of Minnesota (the "**Bankruptcy Court**") in the Case.

B.  The Trustee is the plaintiff, and various entities and individuals that were allegedly related to the Debtor are the defendants (collectively the "**Settling Defendants**"), in various adversary proceedings filed in the Case. The Trustee and the Settling Defendants entered into a Settlement Agreement (the "**Settlement Agreement**"). A Notice of Settlement relating to the Settlement Agreement was filed in the Case on February 14, 2013, as Docket No. 1666. The Settlement Agreement was approved by an order of the Bankruptcy Court entered on March 21,

1

2013, as Docket No. 1696, which order has become final and non-appealable. As a result, the Settlement Agreement has become effective under Section 5 thereof.

C.  The Defendant is an "Individual Defendant" as that term is defined in the Settlement Agreement. This Settlement and Release constitutes an "Individual Settlement Agreement" as defined in, authorized by and approved under Section 4 of the Settlement Agreement.

D.  The Trustee and the Defendant desire to resolve the Adversary Proceeding on the terms and conditions set forth in this Settlement and Release.

## AGREEMENT

Accordingly, the Trustee and the Defendant agree as follows:

1.  **Definitions.** In addition to the terms defined elsewhere in this Settlement and Release, the following terms shall have the following meanings for the purposes of this Settlement and Release:

    1.1  **Claims.** The term "Claims" shall be as broadly defined and construed as the context and intent allows and at a minimum means any and all known and unknown liabilities, suits, actions, causes of action, complaints, claims, cross-claims, counterclaims, third party claims, damages (including without limitation compensatory, consequential, punitive, special, exemplary, statutory or other), losses, equitable relief, injunctive relief, judgments, awards, findings, orders, sanctions, defenses, rights, demands, disputes, disagreements, controversies, grievances, issues, breaches, penalties, covenants, promises, contracts, agreements, understandings, representations, statements, obligations, debts, responsibilities, compensation, charges, defects, any determination in law, equity or administrative or arbitration proceedings, and any costs, fees (including without limitation attorneys' fees), expenses, disbursements or expenditures.

1.2   **Defendant Related Parties.** With respect to the Defendant, the term "**Defendant Related Parties**" means all past, present and future partners, employees, attorneys, agents, representatives, insiders (as that term is defined at 11 U.S.C. § 101(31)), transferees, assignees, successors in interest, successors, heirs, devisees, beneficiaries and insurers of such Defendant; provided that the Debtor and all affiliated debtor entities that filed chapter 11 cases with the Bankruptcy Court on or about June 1, 2009 (collectively, the "**Affiliated Debtors**")[1], shall not constitute Defendant Related Parties.

1.3   **Trustee Related Parties.** With respect to the Trustee, the term "**Trustee Related Parties**" means the Estate, all past, present and future employees, attorneys, agents, representatives, transferees, assignees, successors in interest, successors and insurers of the Trustee or the Estate.

2.    **Adversary Proceeding.**

2.1   **Adversary Proceeding Dismissed.** The Trustee will dismiss with prejudice the Adversary Proceeding against the Defendant. None of the Trustee or any of the Trustee Related Parties will be entitled to any form of relief against the Defendant or any of the Defendant Related Parties that could have been or could be raised, plead, argued or asserted based on any of the Claims set forth in the Adversary Proceeding.

---

[1] The Affiliated Debtors are Carver Industries, L.L.C., Case No. 09-43538; Carver Italia, L.L.C., Case No. 09-33773; Carver Yachts International, L.L.C., Case No. 09-33774; Genmar Florida, Inc., Case No. 09-43539; Genmar Industries, Inc., Case No. 09-43540; Genmar IP, L.L.C., Case No. 09-43541; Genmar Manufacturing of Kansas, Inc., Case No. 09-43542; Genmar Michigan, L.L.C., Case No. 09-43543; Genmar Minnesota, Inc., Case No. 09-33775; Genmar Tennessee, Inc., Case No. 09-43544; Genmar Transportation, Inc., Case No. 09-43545; Genmar Yacht Group, LLC, Case No. 09-43546; Marine Media, L.L.C., Case No. 09-43547; Minstar, L.L.C., Case No. 09-43548; Triumph Boats, Inc., Case No. 09-43550; Triumph Boat Rentals, L.L.C., Case No. 09-43551; VEC Leasing Services, L.L.C., Case No. 09-43552; VEC Management Co. L.L.C., Case No. 09-43553; VEC Technology, Inc., Case No. 09-43554; Windsor Craft Yachts, L.L.C., Case No. 09-43555; Wood Manufacturing Company, Inc., Case No. 09-43556.

2.2  **Trustee's Release of Defendant.** Each of the Trustee and the Trustee Related Parties releases and discharges each of the Defendant and the Defendant Related Parties of and from all Claims related to or arising from the Adversary Proceeding.

2.3  **Defendant's Release of Trustee.** Each of the Defendant and the Defendant Related Parties releases and discharges each of the Trustee and the Trustee Related Parties of and from all Claims related to or arising from the Adversary Proceeding.

3.  **Effective Date.** This Settlement and Release will become effective and binding upon the Parties and their respective Trustee Related Parties or Defendant Related Parties on the date that each of the Parties has executed and delivered this Settlement and Release to the other Party (the "**Effective Date**").

4.  **Additional Provisions.**

4.1  **No Admission of Liability.** The Parties acknowledge that this Settlement and Release was entered into as a compromise and final settlement of disputed claims and is not and may not be construed as an admission by any Party of any liability of any type or amount.

4.2  **Non-Disparagement.** Each Party agrees that he will not engage in any form of conduct or make any statements or representations that disparage or otherwise harm the reputation or goodwill of any other Party or their respective attorneys, accountants or other professionals relating to any of the Claims expressly released under Section 2.

4.3  **No Waivers.** No failure or delay by any Party in exercising any right, power or privilege under this Settlement and Release will operate as a waiver thereof nor will any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or privilege. The rights and remedies provided in this Settlement and Release are cumulative and not exclusive of any rights or remedies provided by law.

4.4 **Successors and Assigns.** From and after the Effective Date, this Settlement and Release will be binding upon and inure to the benefit of the Parties and their respective Trustee Related Parties or Defendant Related Parties, provided that no Party may assign, delegate or otherwise transfer any of his rights or obligations under this Settlement and Release without the consent of each other Party hereto.

4.5 **Governing Law; Jurisdiction; Forum.** This Settlement and Release shall be governed by and construed in accordance with title 11 of the United States Code, other applicable Federal law, and the laws of the State of Minnesota without regard to the conflicts of law rules of other jurisdictions. The Parties submit to the jurisdiction of the Bankruptcy Court and agree that any action to enforce this Settlement and Release or that would otherwise in any way relate to the terms or subject matter of this Settlement and Release will be brought only in the Bankruptcy Court and in no other forum or court.

4.6 **Counterparts; Facsimile or Electronic Mail.** This Settlement and Release may be signed in any number of counterparts, each of which shall be an original, with the same effect as if the signatures thereto and hereto were upon the same instrument. In addition, this Settlement and Release may be executed and delivered by the Parties via facsimile or electronic mail, to be followed with original signatures within three (3) business days after the date of execution.

4.7 **Further Assurances.** Each Party shall, at any time before or after the Effective Date, execute, acknowledge, deliver, serve or file any further pleadings and other assurances reasonably requested by the other Party, and shall take any other action consistent with the terms of this Settlement and Release that may reasonably be requested by the other Party, for the purpose of effecting the terms of this Settlement and Release. This shall include without

limitation the filing of any pleadings or agreements required to be filed with the Bankruptcy Court or the District Court.

4.8 **Expenses.** Whether or not this Settlement and Release becomes effective under Section 3, each Party shall pay his own costs and expenses in connection with this Settlement and Release and the transactions contemplated herein (including without limitation the fees and expenses of his advisers, accountants and legal counsel).

4.9 **Entire Agreement.** This Settlement and Release constitutes the entire agreement between the Parties with respect to the subject matter of this Settlement and Release and supersedes all prior agreements and understandings, both oral and written, between the Parties with respect to the subject matter of this Settlement and Release.

4.10 **Advice of Counsel.** Each of the Parties represents and warrants that he is represented by counsel and consulted such counsel regarding the terms and provisions of this Settlement and Release prior to executing this Settlement and Release.

IN WITNESS WHEREOF, the undersigned Parties have executed this Settlement and Release.

| TRUSTEE: | DEFENDANT: |
|---|---|
| _____ | _____ |
| Charles W. Ries, solely in his capacity as the duly appointed trustee for the bankruptcy estate of Genmar Holdings, Inc. | Alexandra Jacobs |
| Dated: 4/4/13 | Dated: 4/9/13 |

GP:3330498 v2

6

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| In re: | Bky. No. 09-43537 |
| Genmar Holdings, Inc., | Chapter 7 Case |
| Debtor. | |
| _____ | |
| Charles W. Ries, Chapter 7 Trustee, | |
| Plaintiff, | |
| vs. | Adv. No. 11-04670 |
| Alexandra Jacobs, | |
| Defendant. | |

_____

**ORDER**
===================================================================

This matter having come before the court on the stipulation of the parties to dismiss this adversary proceeding with prejudice,

IT IS ORDERED:

1. The above-captioned adversary proceeding is dismissed with prejudice pursuant to Fed. R. Bank. P. 7041 and Fed. R. Civ. P 41.


Dated: April ___, 2013

_____
Dennis D. O'Brien
United States Bankruptcy Judge

GP:3400161 v1